This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40688**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**LARRY K. FITZGERALD,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Henry Chynoweth, Honors Attorney
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Bianca Ybarra, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant Larry Fitzgerald appeals his conviction for receiving stolen property over $20,000 (NMSA 1978, § 30-16-11 (2006)), following a jury trial. Defendant argues that (1) the district court erred by limiting Defendant's cross-examination of a State's witness, and (2) Defendant's conviction is not supported by substantial evidence. We affirm.

**BACKGROUND**

**{2}** Defendant and his coworker, Lorenzo Cabral, were working at Bovina Dairy the day a 9,000-gallon diesel fuel tank trailer with an air compressor was stolen from that location. That same night, Defendant, with another unidentified individual, went to his stepdaughter's home hauling a diesel fuel tank trailer with an air compressor and tried to sell her and her husband diesel fuel. The next day, Defendant's stepdaughter learned of the stolen trailer and contacted the Roosevelt County Sheriff's Office. Later that day, a sheriff's deputy, with the assistance of Defendant's stepdaughter, followed Defendant to the stolen trailer. Defendant was arrested and charged with receiving the stolen trailer. According to the criminal complaint, Cabral, who had been with the trailer when the deputy arrived, was arrested on an outstanding arrest warrant.

**{3}** At trial, defense counsel asked Defendant's stepdaughter on cross-examination whether she had spoken with Cabral since he was arrested, and where he had called her from, "expecting to elicit the response 'from jail.'" The State objected, arguing that this was irrelevant and prejudicial. Defense counsel argued that the fact Cabral was calling from jail was relevant because she believed "Cabral was arrested for this charge, . . . and that would make him an alternate suspect." The district court sustained the State's objection on relevancy grounds, but allowed Defendant to ask who Defendant was working with on the day the trailer was stolen. Defendant ultimately was convicted and this appeal followed.

**DISCUSSION**

**I.    The District Court's Evidentiary Ruling**

**{4}** Defendant first challenges the district court's exclusion of evidence that Cabral was calling from jail at the time Defendant's stepdaughter spoke with him. Defendant argues that the court's ruling "infringed on defense counsel's opportunity to fully present an alternate suspect defense to the jury." In support, Defendant argues that "[d]efense counsel sought to prove . . . Cabral was the guilty party by eliciting testimony regarding where [he] called from with follow-up questions about [his] prior theft convictions." At trial, however, defense counsel did not attempt to elicit, nor did the district court restrict, any testimony regarding Cabral's prior theft convictions. Instead, defense counsel only sought to elicit that Cabral was calling from jail and that Cabral was working with Defendant on the day the trailer was stolen—the latter of which the district court permitted. Additionally, Defendant has not directed us to anywhere in the record where defense counsel otherwise pursued, or the district court otherwise restricted, the theory that Cabral was an alternate suspect in this case. *See Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("Absent . . . citation to the record [where the party invoked the court's ruling on an issue] or any obvious preservation, we will not consider the issue."). We therefore agree with the State that Defendant only preserved the issue about Cabral's location during the conversation with Defendant's stepdaughter. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked.");

*see also* Rule 11-103(A) NMRA (providing that "[a] party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and . . . if the ruling excludes evidence, the party informs the court of its substance by an offer of proof, unless the substance was apparent from the context").

**{5}** Because Defendant does not raise plain error with respect to his claims of error pertaining to Cabral's criminal history or his alternate suspect theory, we limit our review to his preserved claim only. *See State v. Druktenis*, 2004-NMCA-032, ¶ 122, 135 N.M. 223, 86 P.3d 1050 ("[G]enerally, [we] will [not] address issues not preserved below and raised for the first time on appeal."); *State v. Gutierrez*, 2003-NMCA-077, ¶ 9, 133 N.M. 797, 70 P.3d 787 (stating that courts normally do not review for fundamental or plain error when not requested by the appellant). We review preserved challenges to a district court's evidentiary rulings for an abuse of discretion. *See State v. Salazar*, 2023-NMCA-026, ¶ 8, 527 P.3d 693. "A district court abuses its discretion if its ruling is based on a misapprehension of the law, or is clearly untenable or not justified by reason." *Id.* (internal quotation marks and citations omitted). As a general rule, "[r]elevant evidence is admissible," and "[i]rrelevant evidence is not admissible." Rule 11-402 NMRA; *see also State v. Balderama*, 2004-NMSC-008, ¶ 23, 135 N.M. 329, 88 P.3d 845 (same). "Evidence is relevant if it tends to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." *State v. Arvizo*, 2021-NMCA-055, ¶ 30, 499 P.3d 1221 (text only) (citation omitted); *see also* Rule 11-401 NMRA (defining "relevant evidence").

**{6}** The State argues that the district court did not err in excluding the evidence about Cabral's location when Defendant's stepdaughter spoke with him as irrelevant, that the admission of such evidence would have violated Rules 11-403 and 11-404(B) NMRA, and that, in the alternative, any error in excluding such evidence was harmless. Because we agree with the State's first argument, we do not address the State's remaining contentions. At trial, defense counsel argued that Cabral's location was relevant because counsel believed Cabral was arrested and incarcerated for the crime at issue in this case. The record, however, does not reflect this assertion. Instead, it appears Cabral had been arrested on a separate, outstanding warrant. We therefore agree with the State that whether Cabral was in jail for an unrelated crime does not make Defendant's guilt "more or less probable than it would be without the evidence," and Cabral's location at the time of his call with Defendant's stepdaughter was thus not "of consequence in determining" Defendant's guilt. *See* Rule 11-401. However, even if Cabral had been arrested for possessing the stolen trailer, the jury in this case was instructed that "[t]wo or more people can have possession of an object at the same time." *See* UJI 14-130 NMRA. Given this, we are not convinced that Cabral's possible guilt in this case would make Defendant's guilt "more or less probable than it would be without the evidence." *See* Rule 11-401.

**{7}** For these reasons, the district court did not abuse its discretion in excluding the evidence about Cabral's location in jail during a call with Defendant's stepdaughter as irrelevant.

## II. Defendant's Substantial Evidence Challenge

**{8}** Defendant next argues that "the evidence was insufficient to establish that he was the guilty party" because "[t]he majority of the evidence presented was sufficient to prove that . . . Cabral was the one who had acquired possession of the stolen trailer." When reviewing for substantial evidence, however, "[w]e do not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). Instead, our task is to determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *Id.* (internal quotation marks and citation omitted). During this review, "we resolve all disputed facts in favor of the [s]tate, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{9}** Defendant fails to present an argument, under the above standard, explaining why the evidence presented at trial is insufficient to support his conviction. Further, even assuming arguendo that the evidence could have supported Cabral's conviction for possessing the stolen trailer, as Defendant contends, Defendant does not explain why this renders the evidence insufficient to support his own conviction—particularly given that more than one person can possess the same stolen property, *see* UJI 14-130. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (noting that we will "not review unclear or undeveloped arguments [that] require us to guess at what [a] part[y's] arguments might be"). In short, because Defendant does not advance a sufficiency challenge in compliance with our standard of review, we do not further consider it. *See, e.g.*, Rule 12-318(A)(3) NMRA (providing that "[a] contention that a verdict, judgment, or finding of fact is not supported by substantial evidence shall be deemed waived unless the summary of proceedings includes the substance of the evidence bearing on the proposition").

## CONCLUSION

**{10}** For the foregoing reasons, we affirm.

**{11} IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**GERALD E. BACA, Judge**